IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-03302-WYD-MJW

MICHAEL D. WALDEN,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY OF AMERICA, INC., a New York corporation transacting business in Colorado, a/k/a MetLife, Inc.; and the ERISA plan administrator (identity unknown/undisclosed at this time, and if applicable);

    Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant Metropolitan Life Insurance Company of America, Inc.'s ["MetLife"] Motion to Dismiss filed April 8, 2014.  A response was filed on April 29, 2014, and a reply was filed on May 12, 2014.  Thus, the motion is fully briefed, and I note that the scheduling order deadlines are stayed pending a ruling on this motion.  (*See* ECF No. 35.)

By way of background, this case arises out of Plaintiff's claim for long-term disability benefits pursuant to an employee welfare benefits plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ["ERISA"].[1] Plaintiff alleges he became disabled on June 22, 2010.  He further alleges he applied for

---

[1] Plaintiff's claims with respect to short term disability benefits were settled and Defendant Honeywell, Inc. was dismissed from the case.  (ECF Nos. 26, 28.)

long-term disability benefits and requested copies of applicable plan documents, which he never received. Plaintiff brings claims for breach of contract and breach of fiduciary duty pursuant to ERISA, as well as a claim for bad faith breach of insurance contract pursuant to Colorado state law. Plaintiff seeks declaratory relief, actual damages, double damages pursuant to Colorado statute, interest, attorneys' fees and other costs, including expert witness fees.

MetLife's Motion to Dismiss argues that Plaintiff's claim for breach of fiduciary duty is duplicative of the claim for breach of contract and, therefore, is improper. It also argues that ERISA preempts the bad faith breach of insurance contract claim and the extracontractual damages sought under Colorado statute. Finally, MetLife asserts that the remaining claim for breach of contract is time-barred pursuant to the terms of the governing benefit plan under which Plaintiff brings this action.

II.   FACTS

While Plaintiff refers to disputed and undisputed facts in his response to the motion to dismiss, at this stage of the case I must "accept all well-pleaded facts" in the complaint "as true and view them in the light most favorable" to the party asserting the claim. *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs of Cnty. of Arapahoe*, 633 F.3d 1022, 1025 (10th Cir. 2011). Plaintiff alleges he was employed by Honeywell as an engineer. (Compl., ¶¶ 6, 9.) Honeywell maintained short-term and long-term disability benefit plans. (*Id.*, ¶ 7; *see also* Honeywell International Inc. Disability Income Insurance: Long Term Benefits Corporate Plan, effective June 1, 2002 ["the Plan"],

attached to the motion as Exhibit A).² Honeywell served as ERISA plan administrator under the Plan. (Ex. A at 52.)

MetLife is the claim administrator for and funder of benefits under the Plan. (Ex. A at 24, 41, 52.) The Plan is an employee welfare benefit plan pursuant to ERISA. (Compl., ¶ 14; *see also* Ex. A at 52-56 (ERISA Information)). The Plan grants MetLife "discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan." (Ex. A at 54.)

Plaintiff claims that, on or about June 22, 2010, he became disabled due to "numerous mental, physical and emotional disabilities" which prevented him from performing his job. (Compl., ¶ 9.) Plaintiff applied for short- and long-term disability benefits. (*Id.*, ¶ 10.) MetLife initially approved Plaintiff's claim for short-term disability benefits, but then denied the claim on July 17, 2010. (*Id.*) Plaintiff appealed, and MetLife upheld its denial of his claim for benefits in a "final denial" on December 9, 2010. (*Id.*) Plaintiff exhausted administrative remedies as required. (*Id*, ¶ 15.) Plaintiff has not received long-term disability benefits. (*Id.*, ¶ 18.)

Plaintiff alleges in regard to his claim for long-term disability benefits that "[d]espite numerous additional medical submissions and multiple letters from Plaintiff s counsel, Defendant MetLife has refused to respond to any inquiries, refused to provide a copy of the applicable disability plans/policies which were effective on the date that

---

² If a document is "referred to in the complaint and is central to the plaintiff's claim," a court may consider the document on a motion to dismiss without converting the motion to one for summary judgment. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, the Plan provides the basis for Plaintiff's claims and is referred to in the Complaint. Thus, even though Plaintiff objects, I find it proper to consider the Plan in analyzing the motion to dismiss.

Plaintiff became disabled." (Compl., ¶ 10.) Further, he alleges that "[s]ince the time of the 'final' administrative denial on December 9, 2010, Plaintiff retained counsel but MetLife, other than providing an initial packet of records and correspondence, has simply not bothered to respond to Plaintiff's counsel's letters, produce requested documents, or respond to inquiries." (*Id.*) "None of the letters provided from Metlife to Plaintiff, including the 'final denial letter' dated December 9, 2010, gave Plaintiff any instruction as to further legal remedies available to him or whether there are/were any applicable time limits in which to do so." (*Id.*)

Further, it is alleged that "[d]espite being advised of Plaintiff's ongoing inability to work on multiple occasions, both the Defendant insurer and the employer have never formally or informally acknowledged Plaintiff s repeated requests for long-term disability benefits, and have never provided Plaintiff with any information or documentation with regard to a potential long-term disability claim." (Compl., ¶ 12.)  Plaintiff asserts that:

> After denying payment under the short-term disability policy, both Defendant Metlife and Defendant Honeywell failed to provide copies of the applicable short-term and long-term disability plans/policies despite numerous phone calls and multiple written requests from Plaintiff's attorney. Because the policies/plans applicable on the date that Plaintiff became disabled (nor any other policy/plan copy) has ever been provided to Plaintiff or his counsel, Plaintiff does not have any information provided by the plan, including, but not limited to, whether this is an ERISA plan/policy, the amount of available coverage, the duration of available coverage, whether the plan purports to impose time limits, any applicable offsets, and/or any differences between coverage for different types of disabilities (e.g., mental and physical).

(*Id.* ¶ 11.)

Under the terms of the Plan, in order to file a claim for long-term disability benefits, a claimant is instructed to obtain a claim form from the Policyholder, in this case

Honeywell, fill the form out with the required Proof, and return this to the Policyholder. (Ex. A at 43.)  The Policyholder is then to certify insurance under the Plan and send the certified form and Proof to MetLife.  (*Id.*)  Notice and proof of claim may also be given to MetLife by calling its toll free number within 20 days of a loss, after which Metlife will provide the form and explain how to complete it so that it can be returned to MetLife. (*Id.*)  The Plan states that if the claim form is not received within 15 days after giving MetLife notice of claim, Proof may be sent using any form sufficient to provide us with the required Proof."  (*Id.*)  "Proof" is defined as:

> Written evidence satisfactory to Us that a person has satisfied the conditions and requirements for any benefit described in this certificate. When a claim is made for any benefit described in this certificate, Proof must establish:
>
> • the nature and extent of the loss or condition;
>
> • Our obligation to pay the claim; and
>
> • the claimant's right to receive payment.
>
> Proof must be provided at the claimant's expense.

(*Id.* at 25.)

A claimant must submit Proof in support of the claim "not later than 90 days after the date of the loss."  (Ex. A, at 43.)  "When a claimant files an initial claim for Disability Income Insurance benefits described in this certificate, both the notice of claim and the required Proof should be sent to [MetLife] within 90 days of the date of loss."  (*Id.*)  The Plan contains a contractual limitations period to file a lawsuit based upon the date Proof of loss is required:

> **Time Limit on Legal Actions.** A legal action on a claim may only be brought against [MetLife] during a certain period. This period begins 60 days after the date Proof is filed and ends 3 years after the date such Proof is required.

*(Id.* at 44.)  Plaintiff filed the instant lawsuit on December 8, 2013.

II.     ANALYSIS

    A.     Standard of Review

In reviewing a motion to dismiss, the court must "accept all well-pleaded facts as true and view them in the light most favorable" to the party asserting the claim.  *Jordan-Arapahoe, LLP*, 633 F.3d at 1025.  To survive a motion to dismiss under Rule 12(b)(6), the party asserting the claim "must allege that 'enough factual matter, taken as true, [makes] his claim for relief ... plausible on its face.'"  *Id.* (quotation and internal quotation marks omitted).  "A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quotation omitted).

Thus, a party asserting a claim "must include enough facts to 'nudge[] his claims across the line from conceivable to plausible.'"  *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quotation omitted).  Conclusory allegations are not sufficient to survive a motion to dismiss.  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  "[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished."  *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013).

      B.    <u>Analysis of the Merits of the Motion</u>

           1.    <u>The Breach of Fiduciary Duty Claim</u>

MetLife first argues that the breach of fiduciary duty claim is duplicative of the claim for breach of contract pursuant to 29 U.S.C. § 1132(a)(1)(B) and should be dismissed. MetLife relies on *Williams v. Metropolitan Life Ins. Co.*, No. 07-cv-2062-REB-CBS, 2011 WL 97137, at *10-11 (D. Colo. Jan. 11, 2011), *aff'd,* 459 F. App'x 719 (10th Cir. 2012), and *Mein v. Pool Co. Disabled Int'l Emp. Long Term Disability Benefit Plan*, 989 F. Supp. 1337, 1351 (D. Colo. 1998). Plaintiff argues that *Williams* is distinguishable, and in fact supports his argument that he possesses an independently sustainable claim for breach of fiduciary duty under 29 U.S.C. § 1109.

I agree with MetLife that the breach of fiduciary claim should be dismissed. First, to the extent this claim relates to MetLife's non-payment of benefits, I agree with MetLife that this claim is duplicative of Plaintiff's breach of contract claim and must be dismissed for the reasons expressed in *Williams*. *See also In Re Sandridge Energy, Inc. S'holder Derivative Action*, No. CIV-13-102-W, 2014 WL 4715914, at *11 (W.D. Okla. Sep. 22, 2014) ("'Because of the primacy of contract law over fiduciary law, if the duty sought to be enforce arises from the parties' contractual relationship, a contractual claim will preclude a fiduciary claim.'") (quotation omitted). To the extent Plaintiff is claiming breach of fiduciary duty pursuant to 29 U.S.C. § 1109, he has no private right of action under that statute. *Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310, 317 (10th Cir. 1991) ("Under section 1109, a fiduciary who breaches his fiduciary duty is liable to the plan—not to the beneficiaries themselves").

### 2. The Bad Faith Breach of Contract Claim

Plaintiff's third claim for relief alleges a bad faith breach of contract claim and seeks double damages, reasonable attorney fees, and court costs pursuant to Colo. Rev. Stat. §§10-3-1115 and 1116. MetLife asserts, and I agree, that this claim should be dismissed because it is preempted by ERISA. *Kidneigh v. UNUM Life Ins. Co. of Am.*, 345 F.3d 1182, 1186 (10th Cir. 2003) ("a Colorado state law bad faith cause of action against an ERISA provider is expressly preempted"); *Flowers v. Life Ins. Co. of N. Am.*, 781 F. Supp. 2d 1127, 1132-33 (D. Colo. 2011) (ERISA preempts extra-contractual damages authorized by Colo. Rev. Stat. § 1116(1)); *Timm v. Prudential Ins. Co.*, 259 P.3d 521, 526 (Colo. App. 2011) ("Because section 10-3-1116(1) allows a double recovery of benefits, it supplements and conflicts with ERISA's remedies and is therefore preempted.").

### 3. Whether the Breach of Contract Claim Is Time-Barred

Finally, MetLife argues that Plaintiff's breach of contract claim should be dismissed because he failed to bring this legal action within the contractual limitations period. Since Plaintiff asserts his disability began June 22, 2010, MetLife argues that Plaintiff had to provide proof of his disability to MetLife by September 20, 2010. Further, MetLife argues that under the contractual limitations period in the Plan, Plaintiff was required to file any lawsuit based upon a claim for long-term disability benefits within three years or by September 20, 2013. Plaintiff did not file this lawsuit until December 8, 2013. Accordingly, MetLife contends that Plaintiff's claim for long-term disability benefits is time-barred.

Turning to my analysis, ERISA does not specify a limitations period for filing suit under 29 U.S.C. § 1132(a)(1)(B). *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 608 (2013). Thus, courts generally apply the most closely analogous statute of limitations under state law. *Id.* at 609; *Lang v. Aetna Life Ins. Co.*, 196 F.3d 1102, 1104 (10th Cir. 1999). "'Choosing which state statute to borrow is unnecessary, however, where the parties have contractually agreed upon a limitations period'". *Salisbury v. Hartford Life and Accident Co.*, 583 F.3d 1245, 1247 (10th Cir. 2009) (quotation omitted).

This was addressed recently by the Supreme Court in *Heimeshoff*, where it granted certiorari to resolve a split among the Courts of Appeals on the enforceability of a contractual limitations period in an ERISA plan. 134 S. Ct. at 610. Similar to the Plan at issue here, the contractual provision in *Heimeshoff* required the commencement of a legal action against the administrator no later than three years "after the time written proof of loss is required to be furnished according to the terms of the policy." *Id.* at 609. The plan also required proof "within 90 days after the start of the period for which [the administrator] owes payment." *Id.* at 608 n.1. The Supreme Court enforced the contractual limitations period, finding that since the claimant failed to file her lawsuit within three years after the time that proof of loss was due, her action was time-barred. *Id.* at 610, 616. In so ruling, it noted that "[t]he principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan", as "'[t]he plan, in short, is at the center of ERISA.'" *Id.* at 613-14 (quotation omitted).

The Supreme Court noted, however, that a Plan's limitations provisions may not be given effect if "the period is unreasonably short, or . . . a 'controlling statute' prevents the limitations provision from taking effect." *Heimeshoff*, 134 S. Ct. at 612. It further held that "traditional principles" may apply to allow participants to bring suit even though they did not file suit within the applicable time period. *Id.* at 615. Thus, "[i]f the administrator's conduct causes a participant to miss the deadline for judicial review, waiver or estoppel may prevent the administrator from invoking the limitations provision as a defense." *Id.* Also, "[t]o the extent the participant has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply." *Id.*

In this case, the Complaint contains factual allegations regarding MetLife's repeated failures to provide Plaintiff with a copy of the applicable disability policy/plan as well as the claim form even though it had notice of Plaintiff's claim for long term disability benefits and Plaintiff repeatedly requested such information. Indeed, Plaintiff asserts that he did not receive a copy of the Plan until after the complaint was filed in this case. Plaintiff's allegations, accepted as true and construed in the light most favorable to him, show that there are factual issues regarding whether MetLife waived the ability to rely on the Plan's limitations period and/or whether equitable estoppel or tolling may apply by failing to provide the Plan documents to Plaintiff. *See Thompson v. Phenix Ins. Co.*, 136 U.S. 287, 299 (1890) ("If, as the allegations of the amended bill imply, the failure of the plaintiff to sue within the time prescribed by the policy. . .was due to the conduct of the company, it cannot avail itself of the limitation") (cited with approval in *Heimeshoff*, 134

S. Ct. at 615); *Engleson v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 623 (6th Cir. 2013) (equitable tolling may apply in ERISA case to the contractual limitation period if, among other things, there was a lack of actual notice of the filing requirement and a lack of constructive knowledge of the filing requirement); *see also Ortega Candeleria v. Orthobiologics LLC*, 651 F.3d 675, 681 (1st Cir. 2011); *LaMantia v. Voluntary Plan Adm'rs*, 401 F.3d 1114, 1119 (9th Cir. 2005); *Epright v. Envtl. Res. Mgmt, Inc. Health and Welfare Plan*, 81 F.3d 335, 342 (3rd Cir. 1996).

Indeed, since Plaintiff was not provided a copy of the Plan, he asserts that he had no information regarding the three-year time period imposed therein. Thus, he asserts that MetLife's conduct prevented him from becoming aware of MetLife's contractual limitations clause during the running of the limitations period. Further, Plaintiff could certainly have thought his suit was timely since it was brought within the six-year time period imposed by state law regarding ERISA claims. *See Lee v. Rocky Mountain UFCW Unions and Employers Trust Pension Plan*, No. 92-1308, 1993 WL 482951, at *1 and n. 2 (10th Cir. Nov. 23, 1993) (Colorado six year statute of limitations applies to ERISA claims under Colo. Rev. Stat. § 13-80-103.5). Based on the foregoing, I find that resolution of the statute of limitations issue is not appropriate at the motion to dismiss stage.

MetLife argues, however, that it is the plan administrator (in this case Honeywell), not MetLife as the claims administrator, who is responsible for providing plan documents, and that Honeywell's alleged conduct in failing to provide the claim form or the Plan cannot serve as a basis for estoppel, waiver, or tolling against MetLife. I agree that the

plan administrator is the entity that is liable in connection with the failure to provide plan information. See *McKinsey v. Sentry Ins.*, 986 F.2d 401, 403 (10th Cir. 1993) (recognizing that "ERISA requires the plan administrator to furnish certain information to plan participants and beneficiaries" and finding that because Sentry was not the plan administrator it could not be held liable under 1132(c) for failing to provide information about benefits under the Sentry Employee Retirement Plan); *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 793 (7th Cir. 2009) (under ERISA, "[b]oth the duty to produce and liability for the failure or refusal to produce plan documents are placed on the 'administrator'").

However, those cases do not address a contractual limitation period in an ERISA plan and whether the claims administrator may have waived that period or be estopped from relying on that period or whether equitable tolling applies. I also note that in this case MetLife had a contractual duty under the policy to provide the claim form if requested by the Policyholder. In that regard, the policy states that a Policyholder may give notice and proof of claim directly to MetLife by calling its toll free number within 20 days of a loss, after which Metlife will provide the form.

Based upon the foregoing, I deny MetLife's Motion to Dismiss as to the breach of contract claim and the argument that it is time-barred.

III. <u>CONCLUSION</u>

In conclusion, it is

ORDERED that Defendant Metropolitan Life Insurance Company of America, Inc.'s Motion to Dismiss (ECF No. 27) is **GRANTED IN PART AND DENIED IN PART**. It

is granted as to the breach of fiduciary duty claim (the first claim for relief) and the bad faith breach of contract claim seeking relief under Colo. Rev. Stat. §§ 10-3-1115 and 1116 (the third claim for relief).  It is denied as to the breach of contract claim (the second claim for relief) and the argument that it is time-barred.

Dated:  December 16, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge